MUTUAL LIFE INS. CO. OF NEW YORK v. DOHERTY.

(Circuit Court, W. D. Pennsylvania. August 28, 1896.)

MORTGAGES—MISNOMER IN TITLE DEED—SUBSEQUENT CREDITORS.

A duly-recorded mortgage by George S. Doherty of land conveyed to him, by recorded deed, under the name George Doherty, binds the land, as against subsequent judgment creditors, though their judgments are obtained against George Doherty.

This was a suit by scire facias upon a mortgage, and was brought by the Mutual Life Insurance Company of New York against George S. Doherty. The case was heard upon exceptions to the marshal's return distributing the proceeds of the sale.

James W. Collins, for plaintiff.

Alex. Gilfillan and J. H. Beal, for exceptants.

ACHESON, Circuit Judge. On the 7th day of October, 1895, the defendant, George S. Doherty, executed and delivered to the plaintiff, the Mutual Life Insurance Company of New York, his mortgage upon a lot of land situate in Allegheny city, Allegheny county, Pa., to secure a debt of $10,000. The mortgage is in the defendant's proper name, George S. Doherty, and is so signed and acknowledged. It was recorded in the recorder's office of Allegheny county on the 15th day of October, 1895. On May 21, 1896, suit by scire facias upon this mortgage was brought in this court, and on June 8, 1896, a judgment therein for the sum of $10,878 was entered in favor of the plaintiff. A writ of levari facias was issued upon the judgment, and by virtue thereof the marshal sold the mortgaged premises. In and by his special return the marshal appropriated out of the proceeds of sale to the plaintiff in the writ, the Mutual Life Insurance Company, the amount of the judgment on the mortgage, and interest. William Rogers and Thomas J. Rogers, each a subsequent judgment creditor of the defendant, have filed exceptions to the marshal's return, the grounds of the exceptions being stated thus:

"The marshal should not have distributed any portion of said fund to the plaintiff, because the plaintiff had no lien on said land by virtue of its said mortgage, and especially it had no lien upon said land as against the judgments of the exceptants; said mortgage being made and executed by George S. Doherty, and so recorded, while the legal title to the land described therein, and levied on under such execution, was at the time in George Doherty, as appears by the records of the recorder's office of Allegheny county, in Deed Book, vol. 825, p. 597; the judgments of said exceptants being against George Doherty, in whose name the legal title stood."

It will be perceived that this exception raises no question of personal identity. It is not asserted that George S. Doherty and

George Doherty are different persons, nor is it alleged that the defendant's true name is not George S. Doherty. Having signed and acknowledged his mortgage in the name George S. Doherty, the presumption is that that is the mortgagor's real name. That presumption has not been rebutted. On the contrary, the proofs support the presumption. In disposing of the case, then, it is to be assumed that the defendant executed the mortgage in his true name. The defendant derived title to said land by a deed to him from Maggie Mc. McKee, dated November 28, 1892, and recorded on April 20, 1893. In that deed the grantee, the defendant, is named George Doherty, without any middle initial letter. On May 7, 1896, each of the exceptants—William and Thomas J. Rogers—entered judgment d. s. b. in the court of common pleas No. 1 of Allegheny county, against the defendant; he being named George S. Doherty; the instruments upon which those judgments were entered being signed, "George S. Doherty." On May 23, 1896, each of the exceptants entered a second judgment d. s. b. in the same court of common pleas against the defendant,—he being there named George Doherty,—for the same debt for which his prior judgment of May 7th was entered; the instruments upon which these latter judgments were entered being signed, "George Doherty."

The exceptants claim that as against their second judgments, of May 23, 1896, the plaintiff had no lien by virtue of its mortgage, because the recorded deed under which the defendant took title conveyed the land to him in the name of George Doherty. To this proposition I am unable to assent. I have examined the authorities upon which the exceptants rely, and do not find that they sustain their position. In none of the cases cited was the state of facts such as exists in this case. Here the admitted owner of land executed in his true name a mortgage, which was duly put on record within a few days after its date. Undoubtedly, as between the parties thereto, the instrument operated to transmit to the mortgagee the legal title to the land. Act May 27, 1715 (Purd. Dig. p. 651, pl. 131); Brobst v. Brock, 10 Wall. 519, 529. Having recorded the mortgage within the prescribed time, the mortgagee complied fully with the requisition of the statute. Why, then, was it not an effectual security as against subsequent judgment creditors of the mortgagor? In signing the instrument, was the mortgagor bound to omit the initial letter of his middle name, because of such omission in the recorded deed under which he had acquired title? Is the security of the mortgagee to be stricken down because the owner of the land executed the mortgage in his real name? That, indeed, would be a surprising result. It is difficult to see how subsequent judgment creditors could be injured by what was done here. At any rate, there is no evidence whatever to show that either of these exceptants was misled or was in anywise injured thereby. The case, then, is this: The mortgagee is prior in time, and has the legal right, and the exceptants have shown no equitable ground for postponing the lien of the mortgage.

Here I might rest the case. There is, however, another fact which ought to be mentioned. In the direct mortgage index the entry of

the name of the mortgagor is "George S. Doherty or George Doherty." This is certainly conclusive against the exceptants, if the entry is valid. Presumably, it was the act of the recorder, and was contemporaneous with the recording of the mortgage. I see nothing on the face of the entry to discredit it, and it has not been otherwise impeached. Now, the mortgage recites the McKee deed to the mortgagor as the source of his title, referring to the place of record of the deed by volume and page. Thus, the mortgage connects itself with the deed, and there is force in the argument that the recorder was warranted in indexing the mortgage as he did. But I do not put my decision upon this entry. The merits of the case, I think, are with the mortgage creditor, upon the grounds first above indicated.

And now, August 28, 1896, the exceptions of William and Thomas J. Rogers to the marshal's schedule of distribution are overruled, and said distribution is confirmed; and it is ordered, adjudged, and decreed that the fund appropriated to the plaintiff be paid to it, unless an appeal from this order should be taken within ten days.